```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CARLOS ROJAS,

                    Plaintiff,
                                              MEMORANDUM AND ORDER
          -against-
                                              19-CV-2347 (KAM) (LB)
CWA 1180 COMMUNICATION WORKERS
OF AMERICA c/o Gina Strickland,

                    Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On November 25, 2019, *pro se* plaintiff Carlos Rojas ("Plaintiff") filed an amended complaint alleging that his union, Communications Workers of America Local 1180 ("CWA"), discriminated against him based on his age and national origin and breached its duty to fairly represent him in connection with disputes with his former employer, the New York City Human Resources Administration ("HRA").  (ECF No. 8, Amended Complaint ("Am. Compl.").)  For the reasons set forth below, the Court dismisses Plaintiff's amended complaint for failure to state a claim upon which relief may be granted.

## Background

On April 29, 2019, Plaintiff filed a complaint alleging that CWA discriminated against him based on his age and national origin, and breached its duty to fairly represent him in connection with disputes with his employer.  (ECF No. 1, Complaint.)  Plaintiff's allegations related exclusively to

1

CWA's alleged breach of its duty to fairly represent him in a number of unspecified disputes with his employer. (*See id.* at 5-6.) Plaintiff did not describe the substance of these disputes with his employer or his interactions with CWA in connection with any of them. The most detail Plaintiff provided was that these disputes purportedly related to annual and sick leave accruals, promotions, and complaints that Plaintiff was harassed and required to perform work "above [his] title." (*Id.* at 5.)

On August 23, 2019, the Court issued a Memorandum and Order dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted. (ECF No. 5, Memorandum & Order.) The Court found that the complaint failed to plead any facts suggesting that CWA had breached its duty to fairly represent Plaintiff, or that CWA had discriminated against Plaintiff based on his national origin or age. (*Id.* at 4-8.) The Court granted leave for Plaintiff to file an amended complaint. (*Id.* at 9.)

On November 25, 2019, Plaintiff filed an amended complaint. (*See generally* Am. Compl.) Plaintiff's amended complaint alleges that CWA "never represented him fairly" in his grievances against the HRA.[1] Plaintiff alleges CWA failed to

---

[1] Plaintiff has a pending employment discrimination action against HRA. *Rojas v. Human Resources Administration*, No. 18-CV-6852(KAM)(LB) (E.D.N.Y.).

2

adequately pursue grievances regarding his out-of-title work and denial of promotions. Regarding his promotions, Plaintiff alleges CWA did not follow up regarding his complaints that he was never promoted between 2011 and 2018, when he retired. Regarding his out-of-title work, Plaintiff alleges CWA declined to further pursue the 2015 denial of his grievance until, after his recent insistence to further pursue the grievance, CWA filed a Step III grievance on February 22, 2019. (Am. Compl. at 5 & Exhibit A.) Plaintiff alleges that as a result of CWA's "fail[ure] to represent him properly on all [his] grievances against HRA," his health deteriorated. (Am. Compl. at 7.) Plaintiff seeks damages.

## Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not enough that a plaintiff "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Where the plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g.*, *Sealed*

*Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Furthermore, where the plaintiff is proceeding *in forma pauperis*, the district court must screen the complaint and dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In considering whether to dismiss a complaint, the Court accepts all factual allegations as true. *Iqbal*, 556 U.S. at 678. This tenet does not, however, apply to legal conclusions. *Id.*

## Discussion

Plaintiff's amended complaint, liberally construed, asserts three causes of action against CWA: (1) national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"); and (3) breach of the union's duty of fair representation, which is implied under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*

(Am. Compl. at 4-6.)  None of the foregoing claims allege plausible facts and they must be dismissed.

**I. Duty of Fair Representation**

The amended complaint does not set forth a plausible duty of fair representation claim.  The duty of fair representation permits a union a broad range of discretion in carrying out its role as representative, and judicial review of union actions must be "highly deferential."  *Spellacy v. Airline Pilots Ass'n-Intern.*, 156 F.3d 120, 126 (2d Cir. 1998).  Thus, to state a claim for breach of the duty of fair representation, a plaintiff must plead that (1) the union's conduct was "arbitrary, discriminatory or in bad faith," and (2) there was "a causal connection" between the union's wrongful conduct and the member's injuries.  *White v. White Rose Food,* 237 F.3d 174, 179 (2d Cir. 2001).  To meet this standard, the union's conduct must be "so far outside a wide range of reasonableness that it is wholly irrational or arbitrary," *Marquez v. Screen Actors Guild, Inc.* 525 U.S. 33, 45 (1998) (internal quotation marks and citations omitted), or "fraudulent, deceitful or dishonest," *White,* 237 F.3d at 179 (defining "bad faith").

Viewing Plaintiff's allegations liberally and construing them to raise the strongest possible arguments, Plaintiff alleges that he wanted CWA to file more grievances and further pursue appeals on his behalf, but CWA declined his

repeated requests. CWA pursued grievances on Plaintiff's behalf in 2014 and 2015 regarding Plaintiff's out-of-title work claims and, upon his insistence, again pursued further review in February 2019. Plaintiff's dissatisfaction with the result of the grievances does not amount to a breach of the duty of fair representation claim, nor does his dissatisfaction with the number of grievances that his union pursued on his behalf. Plaintiff's own allegations indicate that CWA acted reasonably on Plaintiff's behalf. There are no facts that suggest that its conduct was arbitrary, discriminatory, or in bad faith; nor was its decision not to file a grievance "egregious" of "far short of minimum standards of fairness." *N.L.R.B. v. Local 282, Int'l Broth. Of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 740 F.2d 141, 147 (2d Cir. 1984). Thus, Plaintiff's duty of fair representation claim is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   **II.  National Origin & Age Discrimination**

The amended complaint does not state a claim for employment discrimination under either Title VII or the ADEA. As an initial matter, Title VII and ADEA "claims are cognizable against union defendants, but only where plaintiff can first establish a breach of the duty of fair representation." *Cole v. Cent. Park Sys.*, Inc., 2010 WL 3747591, at *5 (E.D.N.Y. Sept.

6

20, 2010).  For the reasons stated above, Plaintiff has not made that threshold showing.

Moreover, Plaintiff has not pleaded sufficient facts giving rise to a plausible claim for discrimination.  In its August 23, 2019 Order, the Court directed Plaintiff to provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  His amended complaint, however, is devoid of any facts or circumstances giving rise to an inference of discrimination.  Although Plaintiff concludes that CWA "never followed up on his complaints" about promotions "[b]ased on my national origin and age," (Am. Compl. at 6) and that CWA Vice President Gina Strickland "perceived me as naïve and foreigner," (*id.* at 5) there is no other reference to either age or national origin beyond these conclusions.  That is, the amended complaint "tenders 'naked assertion[s]' [of claims of discrimination based on national origin and age] devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678, and, therefore, the action is dismissed for failure to state a plausible claim for either age or national origin discrimination pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

Accordingly, the amended complaint is dismissed for failure to state a claim upon which relief may be granted.  28

U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully requested to enter judgment for the defendant, serve a copy of this Memorandum and Order and the judgment on *pro se* Plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated:    Brooklyn, New York
          May 29, 2020

                                        /s/
                              Hon. Kiyo A. Matsumoto
                              United States District Judge